# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | | |
|---|---|---|
| MELANIE DUKES, | ) | |
| | ) | |
| *Plaintiff*, | ) | CIVIL ACTION NO. _____ |
| | ) | |
| v. | ) | |
| | ) | |
| NIPPON EXPRESS U.S.A., INC., | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| *Defendant*. | ) | |

## COMPLAINT

Plaintiff Melanie Dukes ("Ms. Dukes" or "Plaintiff") sets forth this Complaint for Damages against NIPPON EXPRESS U.S.A., INC. ("Defendant") and respectfully shows the Court as follows:

## INTRODUCTION

This action is for illegal race-based discrimination and retaliation arising under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq.* ("Title VII") and 42 U.S.C. § 1981 ("Section 1981") and for violations of the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 *et seq.* Plaintiff seeks declaratory and injunctive relief, back pay, front pay, liquidated damages, a permanent injunction against future violations, reinstatement or front pay in lieu of reinstatement, compensatory damages, punitive damages, and attorney's fees and costs.

## JURISDICTION AND VENUE

1.     Plaintiff's claims under Title VII, § 1981, and the FMLA present federal questions over which the Court has jurisdiction pursuant to 28 U.S.C. § 1331. Plaintiff's Title VII claims present federal questions over which the Court has jurisdiction pursuant to 28 U.S.C. § 1343.

2.     Venue is proper pursuant to, *inter alia*, 28 U.S.C. § 1391(b)(2) and 42 U.S.C. § 2000e-5(f)(3) because the unlawful employment practices alleged below were committed within the geographic boundaries of the Northern District of the United States District Court, Atlanta Division, and within the state of Georgia.

3.     This Court has personal jurisdiction over Defendants as they are located within the geographic boundaries of this Court, and/or conduct business within the geographic boundaries of this Court.

## PARTIES

4.     Plaintiff is a citizen of the United States and a resident of the State of Georgia.  Plaintiff was an employee of Defendant at all times material to this Complaint, concluding with her unlawful termination.  Plaintiff submits herself to the jurisdiction of this Court.

5.     Plaintiff is an African American female and a member of a protected class under Title VII and Section 1981.

6.     Defendant is a foreign company registered to conduct business and

transacting business in the Northern District of Georgia.

7.     Defendant may be served with process through its registered agent for service of process if formal service of process is not waived at:

Corporation Service Company
40 Technology Parkway South, Suite 300
Norcross, Georgia 30092

8.     Defendants employed fifteen or more employees for each working day in each of twenty or more calendar weeks throughout 2019 and 2020.

9.     Defendants are subject to the anti-discrimination provisions of Title VII of the Civil Rights Act of 1964, as amended, and Section 1981.

## ADMINISTRATIVE PROCEEDINGS

10.     Plaintiff timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), attached hereto and incorporated herein as Exhibit A.

11.     The EEOC issued Plaintiff her notice of right to sue, attached hereto and incorporated herein as Exhibit B.

12.     Plaintiff has exhausted her administrative remedies prerequisite to filing suit pursuant to Title VII.

13.     This suit has been commenced within 90 days of Plaintiff's receipt of the Right to Sue notice from the EEOC.

## FACTS

14.     Plaintiff is an "eligible employee" within the meaning of the FMLA, 29 U.S.C. § 2601 *et seq*. in that she had been employed with Defendant for more than 12 months and worked more than 1250 hours in the 12 months preceding her serious health condition.

15.     Ms. Dukes race is African American.

16.     Ms. Dukes began employment with Defendants in August 2016 as a temporary employee.

17.     In July of 2017 Ms. Dukes was made a permanent employee.

18.     Plaintiff was hired as a customer service coordinator.

19.     By all accounts, until the race-based adverse treatment and retaliatory conduct set forth below, Ms. Dukes was a good employee and did not receive any written warnings or negative performance reviews.

20.     However, over time, Ms. Dukes began to notice that Japanese employees received special treatment unlike her African American colleges.

21.     For example, when a Japanese employee messed up a shipment they were lightly disciplined or not disciplined at all, but when a similarly situated African American employees made a similar mistake they were more harshly disciplined or fired.

22.     In early January 2020, a Japanese agent Sanko blamed Plaintiff for a

4

shipment being delayed.

23.    Sanko wanted Plaintiff to be fired.

24.    Plaintiff proved to Defendant that Sanko was the one that was a fault and not Plaintiff.

25.    Ultimately, Plaintiff was not fired, but neither was Sanko nor was she disciplined.

26.    In fact, Plaintiff was written up for Sanko's mistake.

27.    During the investigation, often Japanese employees would speak to each other in Japanese so that Plaintiff could not hear what they were saying, and Plaintiff could not defend herself, yet the Japanese co-worker would be able to hear what Plaintiff said and respond.

28.    Plaintiff felt this was unfair and she made a complaint of race discrimination to HR.

29.     After Plaintiff made a complaint of race discrimination to HR she began to be a target of Defendant, and retaliated against for her complaint of race discrimination.

30.    Specifically, her GM, Mr. Kaufman began to nitpick Plaintiff and write her up for any dispute.

31.    Before Plaintiff's complaint of race discrimination in her first 3 ½ years she was never written up.

32.     After Plaintiff's complaint of race discrimination, she was written up multiple times, and moved repeatedly.

33.     Plaintiff filed an EEOC charge of race discrimination in April of 2020.

34.     After she filed this charge Defendant's retaliation got worse.

35.     The retaliation got so bad that Plaintiff started to have psychological effects.

36.     Plaintiff visited her doctor and her doctor recommended that she take FMLA medical leave.

37.     Plaintiff informed Defendant that she had a serious health condition and she requested FMLA leave.

38.     Plaintiff obtained Defendant's FMLA leave paperwork and had her doctor fill it out.

39.     Plaintiff forwarded her doctors FMLA paperwork for medical leave to Defendant on June 10, 2020.  (See Exhibit C).

40.     Five days later on June 15, 2020 plaintiff was fired.

41.     Plaintiff was terminated in retaliation for her complaint of race discrimination and to interfere and/or retaliate for her request for FMLA leave.

## COUNTS I AND II
## DISCRIMINATION IN VIOLATION OF
## TITLE VII AND SECTION 1981

42.     Plaintiff incorporates by reference each and every allegation set forth

in the preceding paragraphs as if fully set forth herein.

43.     Plaintiff is a member of a protected class (African American).

44.     Plaintiff was employed by Defendants at all times material to this Complaint, Plaintiff and Defendants were parties to an employment agreement under which Plaintiff provided services to Defendants and Defendants were required, among other things, compensate her for her services.

45.     Plaintiff was qualified for the position she held and she performed her obligations.

46.     Plaintiff was subjected to race discrimination based on the color of her skin and was subjected to disparate treatment by Defendants in the terms and conditions of her employment as described above.

47.     This disparate treatment was because of Plaintiff's race and in violation of Title VII and Section 1981.

48.     Defendants willfully and wantonly disregarded Plaintiff's rights and Defendants' discrimination against Plaintiff was undertaken in bad faith.

49.     Defendants failed to take prompt and appropriate remedial measures to stop or cure the aforementioned discrimination.

50.     As a direct and proximate result of Defendants' unlawful discriminatory actions, Plaintiff has suffered lost wages and other benefits of employment, significantly diminished employment opportunities, inconvenience,

loss of income, and emotional distress, including but not limited to outrage, shock, and humiliation.

## COUNTS III AND IV
## RETALIATION IN VIOLATION OF
## TITLE VII AND SECTION 1981

51.     Plaintiff incorporates by reference each and every allegation set forth in the preceding paragraphs of this Complaint as if fully set forth herein.

52.     Plaintiff engaged in activities protected under Title VII and Section 1981 by making multiple complaints of race-based discrimination.

53.     After Plaintiff's complaints of Defendants' conduct prohibited by Title VII and Section 1981, Plaintiff suffered adverse employment actions including, but not limited to, termination.

54.     As a direct and proximate result of Defendants' unlawful discriminatory and retaliatory actions, Plaintiff has suffered lost wages and other benefits of employment, significantly diminished employment opportunities, inconvenience, loss of income, and emotional distress, including but not limited to outrage, shock, and humiliation.

## COUNT V
## RETALIATION FOR EXERCISE OF FMLA RIGHTS

55.     Dukes incorporates by reference the preceding Paragraphs as if fully restated herein.

56.     Dukes was an eligible employee with a serious health condition as that

term is defined by the FMLA and the accompanying regulations, specifically 29 U.S.C. § 2611(11) and 29 C.F.R. § 825.114.

57.     At all times relevant to this action, Defendant had more than 50 employees in twenty (20) or more workweeks in 2018 -2020, and was engaged in commerce or were part of an industry affecting commerce, making it an "eligible employer" as defined by the FMLA, 29 U.S.C. § 2611(40(A).

58.     Plaintiff's had a serious medical condition as defined by the FMLA.

59.     Plaintiff had not exhausted her FMLA leave limit in 2020.

60.     Plaintiff timely notified Defendant of her serious medical condition.

61.     In terminating Dukes' employment, Defendant retaliated against Dukes for exercising her right to take leave as provided under the FMLA.

62.     Defendant's actions in retaliating against Dukes for exercising her rights under the FMLA were committed with reckless disregard for Dukes' right to be free from discriminatory treatment because of the exercise of her rights under the FMLA, specifically 29 U.S.C. § 2615(a)(1)(2).

63.     The effect of Defendant's actions has been to deprive Dukes of a job, as well as income in the form of wages, health insurance, prospective retirement benefits, social security, and other benefits due her solely because of her exercise of her rights under the FMLA.

64.     As a result, Dukes is entitled to both equitable and monetary relief for

Defendant's violation of the FMLA, specifically 29 U.S.C. § 2617(a)(1)(A) and (B).

65.    Dukes is further entitled to liquidated damages for Defendant's willful violation of her rights under the FMLA, 29 U.S.C. § 2617(a)(1)(A)(iii).

**COUNT VI**
**FMLA INTERFERENCE**

66.    Dukes incorporates by reference the preceding Paragraphs as if fully restated herein.

67.    Dukes was an eligible employee with a family member with a serious health condition as that term is defined by the FMLA and the accompanying regulations, specifically 29 U.S.C. § 2611(11) and 29 C.F.R. § 825.114.

68.    At all times relevant to this action, Defendant had more than 50 employees in twenty (20) or more workweeks in 2015 -2017, and was engaged in commerce or were part of an industry affecting commerce, making it an "eligible employer" as defined by the FMLA, 29 U.S.C. § 2611(40(A).

69.    Plaintiff's had a serious health condition as defined by the FMLA.

70.    Plaintiff had not exhausted her FMLA leave limit in 2020.

71.    Plaintiff timely notified Defendant of her serious medical condition.

72.    Defendant knew that Plaintiff was qualified for leave under the FMLA, and that Plaintiff needed leave under the FMLA.

73.    As a result of Plaintiff's requests for FMLA covered leave, Defendant unlawfully terminated Plaintiff's employment, thus interfering with Plaintiff's right

to FMLA.

74.     Defendant's actions in interfering with Dukes' exercise of her rights under the FMLA were committed with reckless disregard for Dukes' right to be free from discriminatory treatment because of the exercise of her rights under the FMLA, specifically 29 U.S.C. § 2615(a)(1)(2).

75.     The effect of Defendant's actions has been to deprive Dukes of a job, as well as income in the form of wages, health insurance, prospective retirement benefits, social security, and other benefits due her solely because of her exercise of her rights under the FMLA.

76.     As a result, Dukes is entitled to both equitable and monetary relief for Defendant's violation of the FMLA, specifically 29 U.S.C. § 2617(a)(1)(A) and (B).

77.     Dukes is further entitled to liquidated damages for Defendant's willful violation of her rights under the FMLA, 29 U.S.C. § 2617(a)(1)(A)(iii).

**WHEREFORE**, Plaintiff demands a trial by jury and for the following relief:

(a) That Summons issue;

(b) That Defendants be served with the Summons and Complaint;

(c) Full back pay from the date of Plaintiff's termination, taking into account all raises to which Plaintiff would have been entitled but for her unlawful termination, and all fringe and pension benefits of employment, with prejudgment interest thereon;

(d) Reinstatement to Plaintiff's former position with Defendants, or in the alternative, front pay to compensate Plaintiff for lost future wages, benefits, and/or pensions;

(e) Compensatory damages, in an amount to be determined by the enlightened conscience of the jury, for Plaintiff's emotional distress, suffering, inconvenience, mental anguish, loss of enjoyment of life and special damages;

(f) Punitive damages in an amount to be determined by the enlightened conscious of the jury to be sufficient to punish Defendants for their conduct toward Plaintiff and deter Defendants from similar conduct in the future;

(g) Reasonable attorney's fees and costs;

(h) Judgment against Defendants for damages incurred by Plaintiff;

(i) Judgment against Defendants in such an amount as will fully and adequately compensate Plaintiff; and

(j) Other and further relief as the Court deems just and proper.

Respectfully submitted, this 22nd day of December 2020.

/s/ J. Stephen Mixon
J. Stephen Mixon
Georgia Bar No. 514050
steve@mixon-law.com
Attorneys for Plaintiff

THE MIXON LAW FIRM
1691 Phoenix Boulevard, Suite 150
Atlanta, Georgia 30349

Telephone: (770) 955-0100
Facsimile: (678) 999-5039